# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LENARD MORRIS,<br><br>Defendant. | No. CR05-4085-MWB<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS AND MOTION FOR CIVIL RIGHTS COMPLAINT** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On July 12, 2005, an indictment was returned against defendant Lenard Morris, charging defendant with conspiring to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Defendant Morris has filed a Motion To Suppress (#35) and a *pro se* Motion For Civil Rights Complaint (#40). Defendant Morris's motions arise out of the search and seizure of evidence from the automobile he was driving. In his Motion To Suppress, defendant Morris asserts that the police did not have probable cause to stop him and search the automobile he was driving. In his *pro se* Motion For Civil Rights Complaint, defendant Morris asserts that the stop of the automobile he was driving and his subsequent arrest were motivated by racial bias. Defendant Morris's motions were referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On November 16, 2005, an evidentiary hearing was held. On November 17, 2005, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Morris's motions be denied. Judge Zoss concluded that there was no evidence to support defendant Morris's claim that racial profiling played a part in

his arrest. Judge Zoss, therefore, recommended that defendant Morris's *pro se* Motion For Civil Rights Complaint be denied. Judge Zoss also concluded, viewing the totality of the circumstances, that the police had probable cause to stop and arrest Morris and to search the trunk of the automobile he was driving. Therefore, Judge Zoss also recommended that defendant Morris's Motion To Suppress be denied. Neither the government nor defendant Morris has filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). The Eighth Circuit Court of Appeals has repeatedly held that it is

reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation of November 17, 2005, and orders that defendant Morris's Motion To Suppress and *pro se* Motion For Civil Rights Complaint are **denied**.

**IT IS SO ORDERED.**

**DATED** this 6th day of December, 2005.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA